*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JOHN F. RUSSO, JR.,                 :   Civil Action No. 3:17-02762 (FLW)
                                    :
            Plaintiff,              :
                                    :   OPINION
        v.                          :
                                    :
STATE OF NEW JERSEY *et al.*,       :
                                    :
            Defendants.             :
_____:

**WOLFSON, United States District Judge:**

Plaintiff John F. Russo, Jr. ("Plaintiff"), a New Jersey Superior Court Judge, filed this suit against defendants State of New Jersey, Administrative Office of the Courts, Hon. Marlene Lynch Ford, A.J.S.C. ("Judge Ford"), and Hon. Madeline F. Einbinder, P.J.S.C. ("Judge Einbinder") (collectively, "Defendants"), alleging discrimination based on his association with a disabled person. Plaintiff claims that Defendants engaged in a pattern of discriminatory conduct for the purposes of forcing Plaintiff to resign from his judgeship, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794, and the New Jersey Law Against Discrimination ("NJLAD"). Presently before the Court is the Defendants' motion to stay proceedings until the resolution of the administrative proceedings by the Advisory Committee on Judicial Conduct ("ACJC") regarding allegations of Plaintiff's judicial misconduct. For the reasons set forth below, Defendants' motion to stay is **GRANTED**.

1

**BACKGROUND**

The relevant facts are taken from the Complaint and assumed as true. Plaintiff is a Superior Court Judge in New Jersey state court. Compl., ¶¶ 11-12. In April 2017, Judge Ford, acting as the assignment judge, suspended Plaintiff from his judicial duties and requested that Plaintiff undergo a fitness-for-duty evaluation before hearing cases. *Id.* at ¶ 27. Plaintiff was placed on administrative leave in May 2017. *Id.* at ¶ 36.

In this case, Plaintiff alleges that the treatment he received, and the ultimate suspension of his duties, are acts of discrimination, based on his association with his son, J.R., a person with disabilities. *Id.* at ¶¶ 23-24. Plaintiff claims that Judge Ford discriminated against him when she denied Plaintiff's request for intermittent family leave to care for J.R., failed to provide Plaintiff with sufficient formal training, and denied Plaintiff's request to transfer out of Family Division given his own pending guardianship matter. *Id.* at ¶¶ 25-26. Plaintiff further claims that Judge Einbinder also subjected Plaintiff to discriminatory conduct by making false statements criticizing Plaintiff's work performance, and, out of resentment toward Plaintiff for taking time off to care for J.R., assigning Plaintiff an unduly large workload. *Id.* at ¶ 27. In Count One, Plaintiff alleges that Defendants discriminated against him because of Plaintiff's association with a person with disabilities, in violation of Section 504 of the Rehabilitation Act. In Count Two, Plaintiff sues Judges Ford, Einbinder, and Daniels, in their individual capacities, for violating NJLAD by discriminating against Plaintiff based on Plaintiff's association with an individual with a disability.[1]

---

[1] On January 25, 2018, Counts Three and Four (First Amendment claim and New Jersey Civil Rights Act claim, respectively) were dismissed without prejudice, and Hon. Wendell E. Daniels was dismissed as a defendant. *Russo v. New Jersey*, No. CV 17-2762, 2018 WL 555248, at *7 (D.N.J. Jan. 25, 2018).

Defendants maintain that the decisions to suspend and put Plaintiff on administrative leave resulted from allegations that Plaintiff created a hostile work environment and exhibited a lack of competency on the bench. These allegations include (i) asking a domestic violence victim in his courtroom if she kept "her legs closed"; (ii) implying to Judge Ford that he could not be impartial in Family Division because women appearing before him reminded him of his ex-wife; (iii) verbally abusing his law clerks; and (iv) making harassing comments to a law clerk in violation of the Judiciary's and the State's Anti-Discrimination Policy.

The ACJC is currently conducting a hearing on the allegations of Plaintiff's judicial misconduct and the circumstances of disciplinary action taken against Plaintiff. Indeed, the ACJC has lodged a formal complaint against Plaintiff for violations of Code of Judicial Conduct and Canons of the New Jersey Court Rules.[2] Based on the pending administrative proceedings, Defendants move for a stay until those proceedings, including any appeals, conclude. Defendants reason that a stay is appropriate because of judicial economy and the potential risk of interfering with the ongoing proceedings. Plaintiff opposes the motion.

## DISCUSSION

### I. STANDARD OF REVIEW

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-707 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).[3] Specifically, for stays pending an administrative

---

[2] While the Administrative Complaint does not include any allegations that Plaintiff mistreated his chambers staff, the Complaint does, however, raise instances of alleged judicial misconduct, which, according to Defendants, were part of the basis for the decision to suspend Plaintiff.

[3] Since Defendants are not seeking a stay pending appeal, the traditional factors do not apply. *Cf. Nken v. Holder*, 556 U.S. 418, 426 (2009) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)) (defining the traditional standard for a stay as "(1) whether the stay applicant has made a strong

proceeding, district courts generally consider principles of prudence, efficiency, and comity. *See*, *e.g.*, *Villano v. TD Bank*, No. 11-6714, 2012 WL 3776360, at *9 (D.N.J. Aug. 29, 2012) (staying matter pending arbitration "in the interest of judicial economy and efficiency"); *Kessler Inst. for Rehab., Inc. v. Mayor & Council of Borough of Essex Fells*, 876 F. Supp. 641, 660 (D.N.J. 1995) (staying resolution of damages claims pending resolution of state proceeding for building condemnation, in the interest of comity); *Gollis v. Garrett*, 819 F. Supp. 446, 450 (E.D. Pa. 1993) (staying action pending related administrative proceedings, in the interest of judicial economy); *Perez v. Idaho Falls Sch. Dist. No. 91*, No. 4:15-00019, 2017 WL 743881, at *3 (D. Idaho Feb. 24, 2017) (staying matter pending ALJ decision to promote a just and efficient case outcome); *Gentry v. Cellco P'ship*, No. CV 05-7888 GAF VBKX, 2006 WL 6927883, at *7 (C.D. Cal. Mar. 22, 2006) (staying matter pending Federal Communications Commission determination "based on [the Court's] inherent power to stay matters in the interests of judicial economy and efficiency").[4]

Relevant here, "[a] stay is particularly appropriate, and within the court's 'sound discretion,' where the outcome of another [proceeding] may 'substantially affect' or 'be dispositive of the issues' in a case pending before a district court." *MEI, Inc. v. JCM Am. Corp.,* No. 09–351, 2009 WL 3335866, at *4 (D.N.J. Oct. 15, 2009) (citing *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976)). The

---

showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.").

[4] Courts may also consider the following factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party, (3) whether a stay would simplify the issues and the trial of the case, and (4) whether discovery is complete and/or a trial date has been set." *See Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014).

4

"party requesting a stay bears the burden of showing that the circumstances justify an exercise" of the court's discretion to stay proceedings. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citing *Clinton*, 520 U.S. at 708; *Landis*, 299 U.S. at 255).

In this case, Defendants argue that a stay would further judicial economy because the ACJC will make relevant factual findings as to the circumstances of Plaintiff's removal and temporary suspension of his judgeship. That is, the ACJC is investigating the very disciplinary actions that Plaintiff alleges, here, are discriminatory. I agree.

To better understand the parties' arguments, a recitation of the ACJC's role is appropriate. The ACJC investigates complaints of judicial misconduct and, if necessary, institutes formal proceedings by conducting a hearing and making a recommendation with a presentment of facts to the Supreme Court of New Jersey. New Jersey Court Rules 2:15-10, 2:15-12, 2:15-14; *see also Hunter v. Supreme Court of New Jersey*, 951 F. Supp. 1161, 1164-5 (D.N.J. 1996), *aff'd sub nom. Hunter v. Supreme Court of N.J.*, 118 F.3d 1575 (3d Cir. 1997) (describing the role and procedures of the ACJC). Subsequently, the Supreme Court of New Jersey reviews the record and makes a final disciplinary decision. Rule 2:15-17; *Hunter*, 951 F. Supp. at 1165. The ACJC is described as having "an important responsibility in investigating, considering and resolving claims of judicial misconduct." *Id.* at 1169 (quoting a New Jersey Supreme Court private reprimand to a state court judge). "In performing that role, the Committee acts as an arm of the Supreme Court [of New Jersey] and assists the Court in exercising its constitutional authority." *Id.*

First, Plaintiff argues that because the ACJC proceedings and this matter are not parallel, the relief Plaintiff seeks here is not available through the ACJC proceedings.[5] However, the ACJC proceedings and the scope of this related federal case need not be parallel to justify a stay. Rather, a stay pending the resolution of the ACJC proceedings is appropriate because the findings and outcome of those proceedings would impact this case, particularly since Defendants' disciplinary actions are the bases for Plaintiffs' claims. Indeed, the ACJC is currently conducting a hearing on the alleged judicial misconduct by Plaintiff as well as Defendants' subsequent disciplinary actions. The ACJC will then present its findings and recommendation to the Supreme Court of New Jersey. N.J. Ct. R. 2:15-15. Ultimately, the ACJC's factual findings would be relevant here.

Next, Plaintiff contends that this matter should not be stayed, because the ACJC investigation relies only on the grievant's version of the facts, and he is entitled to his "day in court" to adjudicate his discrimination claims, which are not before the ACJC. I do not agree. For one, the procedures followed by the ACJC provide Plaintiff an opportunity to respond to the allegations of judicial misconduct. In fact, Plaintiff filed an "Answer to Formal Complaint" with the ACJC on May 15, 2018, and Plaintiff will also have the benefit of a public hearing. *See* N.J. Ct. R. 2:15-12. Notwithstanding ACJC protocol, this case, which involves Plaintiff's discrimination claims, will resume following the conclusion of the ACJC's proceedings.

---

[5] Defendants argue that Plaintiff's requested relief--to return to active duty as state court judge--is outside the authority of this Court, and Plaintiff is not entitled to any monetary relief, because he is being paid while on administrative leave. Plaintiff posits that the NJLAD empowers this Court to reinstate him to active duty on the bench. These arguments are not relevant for the stay motion; whether Plaintiff's various forms of requested relief are available to him is not being decided at this stage.

Plaintiff further contends that a stay would be prejudicial, because a resolution of his discrimination claims would be delayed. In that connection, Plaintiff contends that Defendants failed to meet their burden of showing harm should litigation proceed.[6] However, contrary to Plaintiff's position, delay alone does not prejudice a party. *See, e.g., Everett Labs, Inc. v. River's Edge Pharmaceuticals, LLC*, No. 09–3458, 2009 WL 4508584, at *3 (D.N.J. Nov. 24, 2009); *see also Maloney v. Gordon*, 328 F. Supp. 2d 508, 512 (D. Del. 2004)("[n]ormally, in evaluating the plaintiff's burden resulting from the stay, courts may insist that the plaintiff establish more prejudice than simply a delay in her right to expeditiously pursue her claim" (citation and quotations omitted)); *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 766 (E.D. Pa. 2014)("[w]hile a stay always presents a risk of delaying final resolution of a dispute, the mere potential for delay, however, is insufficient to establish undue prejudice" (citation and quotations omitted)); *Walsh Sec. v. Cristo Prop. Mgmt.*, 7 F. Supp. 2d 523, 528 (D.N.J. 1998) (finding that any delay in the resolution of a particular case is inherent to a stay, and therefore, it is insufficient to show prejudice to plaintiff).

And, there is potential harm to Defendants if a stay is granted in this case; such as, the harm to the integrity of the ACJC proceedings. For example, Plaintiff has requested discovery into the ACJC's communications with Defendants. Whatever Plaintiff's motivation may be in seeking this type of discovery, Plaintiff's request in this regard may interfere with the

---

[6] Plaintiff also argues that because stays are extraordinary, this Court should not exercise its discretion to issue a stay in this instance. Plaintiff relies on cases that are not relevant to the facts of this suit. *See*, *e.g.*, *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236 (1976) (dismissing federal case in light of parallel state case, creating *Colorado River* federal abstention doctrine); *Walsh Sec. v. Cristo Prop. Mgmt.*, 7 F. Supp. 2d 523 (D.N.J. 1998) (granting motion for a stay of civil case pending outcome of concurrent criminal case); *Akishev v. Kapustin*, 23 F. Supp. 3d 440 (D.N.J. 2014) (denying motion for a stay pending outcome of a case in another district court). Rather, here, Defendants have asked for a stay pending an administrative proceeding that could impact the present matter.

administrative proceedings by exposing ACJC internal communications, which are normally kept confidential. N.J. Ct. R. 2:15-4(c).

Finally, Plaintiff argues that the administrative proceedings will not impact this case since the factual findings of the ACJC are not entitled to collateral estoppel. As a general rule, findings and decisions of administrative proceedings may indeed have preclusive effect, depending on the nature of the proceeding. *See United States v. Utah Construction Co.*, 384 U.S. 394, 422 (1966); *Local 1006, Am. Fed'n of State, Cty. & Mun. Employees, AFL-CIO v. Wurf*, 558 F. Supp. 230, 242 (N.D. Ill. 1982), *aff'd*, 746 F.2d 1483 (7th Cir. 1984); *see also Perez*, 2017 WL 743881, at *2 (discussing determinative factors for applying collateral estoppel principles to administrative adjudications). While I am not deciding, on this motion, whether the findings of the ACJC will be accorded preclusive effect, because the proceedings are highly probative of the issues in this case, an issuance of a stay is prudent.

In short, a stay of the present action is appropriate in the interests of judicial economy and conservation of resources. The ACJC proceedings regarding Plaintiff's alleged misconduct are under way, and the shared facts between their investigation and the present action is sufficient to merit a stay.

## II.  CONCLUSION

For the foregoing reasons, Defendants' motion to stay is **GRANTED**.

Dated: June 22, 2018  /s/ Freda L. Wolfson
Hon. Freda L. Wolfson
United States District Judge